Wang v. Holder

BIA
Cheng, IJ
A087 551 779

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand thirteen.

PRESENT:

JON O. NEWMAN,
ROSEMARY S. POOLER,
DEBRA ANN LIVINGSTON,
        *Circuit Judges*.

_____

SHUQING WANG,
        *Petitioner*,

        v.                                    11-5235
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:          Matthew J. Harris, Law Offices of
                         Theodore M. Davis, Long Island City,
                         NY.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Mary Jane Candaux,
                         Assistant Director; Kiley L. Kane,
                         Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shuqing Wang, a native and citizen of China, seeks review of a November 21, 2011, order of the BIA, affirming the April 19, 2010, decision of Immigration Judge ("IJ") Mary Cheng, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shuqing Wang*, No. A087 551 779 (B.I.A. Nov. 21, 2011), *aff'g* No. A087 551 779 (Immig. Ct. N.Y. City Apr. 19, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

2

For applications such as Wang's, which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Contrary to Wang's assertions, the agency reasonably relied on her non-responsive demeanor in finding her not credible. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400-01 (2d Cir. 2006) (emphasizing that because demeanor is "virtually always evaluated subjectively and intuitively," an IJ's assessment of an applicant's demeanor merits "great deference"). Indeed, the IJ reasonably noted that Wang was not responsive when asked the purpose of her prior 2008 trip to the United States. While Wang takes issue with the IJ's characterization of her demeanor as non-responsive, where, as here, the agency's inference "is tethered to the evidentiary record, we will accord deference to the

3

finding." *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (noting that "support for a contrary inference-even one more plausible or more natural-does not suggest error"); *see also Tu Lin*, 446 F.3d at 400-01. Moreover, given the IJ's explicit consideration of Wang's testimony that she was under the control of her agent, which the IJ found non-responsive, her contention that the IJ ignored this explanation is without merit. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

The agency also reasonably relied on Wang's omission from her asylum application statement of the family planning officers' repeated visits to her home, and their contact with her husband,. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 166, n.3 (providing that, for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent"). Although Wang argues that her application statement and testimony are not inconsistent because her statement generally indicates that officials tried to

4

convince her to voluntarily consent to an abortion, because the agency's inference "is tethered to the evidentiary record, we will accord deference to the finding." *See Siewe*, 480 F.3d at 168-69. The agency noted that Wang's application statement failed to mention that family planning officers had visited her home nearly every day for over a month in an attempt to convince her to voluntarily consent to an abortion. When asked about the omission, she said she had forgotten. Moreover, while Wang also argues that the omission of the family planning officers' visits to her husband was not a significant omission that would go to the heart of her claim, under the REAL ID Act, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *See Xiu Xia Lin*, 534 F.3d at 167 (emphasis in original). Accordingly, the agency's adverse credibility determination is supported by substantial evidence

Having found Wang not credible, the agency reasonably determined that her failure to provide corroborative evidence further undermined her credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). We have recognized that an applicant's failure to corroborate her testimony may bear on

5

credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). While Wang argues that she adequately explained her mother's letters' failure to mention that she attempted to intervene when she observed family planning officers dragging Wang into a vehicle to be taken for a forced abortion, as the BIA reasonably noted, even crediting Wang's explanation, her mother's letters failed to rehabilitate her testimony regarding the family planning officers' visits that had been called into question. *Id.*

Because the agency's adverse credibility determination is supported by substantial evidence, the agency's denial of Wang's application for asylum and withholding of removal was not in error as both claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). As a result, Wang has not shown that the agency's adverse credibility determination was the result of the IJ's bias. Lastly, we decline to consider the agency's denial of CAT relief because Wang does not contest that finding in her

brief to this Court.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk